IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

KENNETH PYE                                                              PETITIONER

v.                                                                           No. 2:10CV89-P-S

DESOTO COUNTY and
ATTORNEY GENERAL JIM HOOD                                   RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Kenneth Pye for a writ of *habeas corpus* under 28 U.S.C. § 2241. The respondents have moved to dismiss the petition for failure to state a claim upon which relief could be granted. The petitioner has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the instant motion to dismiss will be granted and the petition dismissed for failure to state a claim upon which relief could be granted.

**Facts and Procedural Posture**

The petitioner, Kenneth Pye, is incarcerated in the Desoto County Jail in Hernando, Mississippi as a pre-trial detainee. Pye was charged as a habitual offender with Armed Robbery by way of a March 9, 2010, indictment from the Circuit Court of Desoto County, Mississippi, in Cause No. CR2010-0242 CD. The capias was executed and returned on March 15, 2010. On April 7, 2010, Pye signed an affidavit of financial eligibility and was appointed public defender Jack Jones. His trial was set for August 16, 2010, with a plea date of August 2, 2010. On July 22, 2010, the defense filed a motion in limine, a motion to suppress in-court identification, a motion to quash photo spread, and a motion to suppress statement. These motions were pending before that court as of August 4, 2010. According to the office of the Desoto County Circuit Clerk, the trial judge granted an agreed order of continuance in Pye's case on August 2, 2010, as the attorneys needed additional time to prepare for trial. That order has not entered on the docket

as of August 4, 2010, as the judge has been in court that week and does not sign continuance orders until the court week is over. According to the clerk's office, Pye's new court dates will be November 1, 2010, for a plea hearing and November 29, 2010, for a jury trial.

On May 21, 2010, Pye filed the instant federal petition for a writ of *habeas corpus*. He argues that the charge against him should be dismissed, and he should be released from custody because (he alleges) more than 180 days have passed since he signed the Interstate Compact Agreement. Pye has not been convicted and sentenced on this charge, and, as such, is not yet a State inmate, but a county inmate. As such, Pye is a "pre-trial detainee," and the court will construe the present petition as one filed under 28 U.S.C. § 2241, the appropriate vehicle for pre-trial detainees to pursue *habeas corpus* relief.

A pre-trial detainee has a right to seek federal *habeas corpus* relief. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). The *Braden* Court reiterated, however, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id*. at 489. A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. Further, there is "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle,* 530 F.2d at 1280, 1283 (5th Cir. 1976). Generally, there are two types of relief sought by a prisoner who asserts a pretrial habeas corpus petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an attempt to force the state to go to trial is of the second. ***While the former objective is normally not attainable through federal habeas corpus***, the latter is, although the requirement of exhaustion of state remedies still must be met.

*Id.* (emphasis added). "In other words, a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail,* 693 F. Supp. 502, 508 (E.D. La. 1988). If, as in the instant case, a petitioner has attempted to prevent the prosecution of his case, then he seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown,* 530 F.2d at 1282-83; *Braden,* 410 U.S. at 489.

In the instant petition, Pye seeks dismissal of the charge against him and release from custody. This relief "is not attainable through federal habeas corpus." *Brown,* 530 F.2d at 1283. As such, Pye's request for *habeas corpus* relief is not an available remedy, absent "special circumstances." *Dickerson*, 816 F.2d at 227 (citations omitted). The Fifth Circuit has declined to accept the petitioner's position that the Sixth Amendment right to a speedy trial was a *per se* special circumstance. The Court reasoned that "to do so would eliminate the careful distinction drawn by the court in *Braden* and reiterated in cases like *Brown* and *Atkins* [*v. People of State of Mich.*, 644 F.2d 543, 546-47 (6th Cir. 1981)] between a defendant disrupting the orderly functioning of a state's judicial processes as opposed to enforcing his right to have the state bring him promptly to trial." *Id*. In the present petition, Pye has not argued that special circumstances exist to warrant disruption of the state's judicial process. Therefore, the instant petition will be dismissed with prejudice for failure to state a claim upon which *habeas corpus* relief may be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 27th day of September, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE